UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| BOBBY EMLER, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| ) | No.: |
| vs. ) | |
| ) | Judge: |
| ACTION TENTS, INC., and STEVE CAIN, ) | |
| ) | JURY TRIAL |
| Defendants. ) | |

## COMPLAINT

Plaintiff Bobby Emler, individually and on behalf of all others similarly situated, files this lawsuit against Defendants, Action Tents, Inc. and Steve Cain, pursuant to Section 216 (b) of the Fair Labor Standards Act (hereinafter "FLSA"), and for his cause of action states as follows:

1. Plaintiff Bobby Emler resides in Lewisburg, Marshall County, Tennessee.

2. Defendant Action Tents, Inc. (hereinafter sometimes "Action Tents") is a corporation incorporated under the laws of Tennessee and authorized to do business in Tennessee and which does business in Tennessee, Alabama and Kentucky. Its registered agent for service of process is Robert Binkley, 111 E. Commerce Street, Lewisburg, TN 37091.

3. Defendant Steve Cain is President of Action Tent and has operational control over the company. Furthermore, Defendant Cain had direct supervisory authority over Plaintiff during Plaintiff's employment with Defendants and acted directly or indirectly in the interest of Action Tents to Plaintiff.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

5. At all times material to this action, Action Tents was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA,

and had annual gross volume of sales which exceeded $500,000.00.

6. Plaintiff Bobby Emler has been employed by Defendants within the last three years at Defendant's place of business in Marshall County, Tennessee.

7. While Plaintiff worked for Defendants, the Defendants were an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

8. While Plaintiff worked for Defendants, the Plaintiff was an "employee" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

9. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

10. While Plaintiff was employed by Defendants, he held the position of "tent worker," which involved manual labor, including setting up and breaking down tents.

11. While Plaintiff was employed by Defendants, meal periods were deducted from his time worked even though he was not allowed to have an entire, uninterrupted meal period.

12. While Plaintiff was employed by Defendants, Defendants made unauthorized deductions from his pay.

13. Defendants altered Plaintiff's time records.

**Minimum Wage Violations**

14. While Plaintiff was employed by Defendants, he was an hourly employee who was entitled to minimum wages, pursuant to Section 206 of the FLSA.

15. Plaintiff was not paid minimum wage for all hours worked.

16. Defendants' violations of the FLSA were willful.

17. Defendants' violations of the FLSA were not in good faith.

2

18. As a result of Defendants' failure to comply with Section 206 of the FLSA, Defendants are liable to Plaintiff for back pay.

19. In addition to the amount of unpaid minimum wages owed to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

20. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. Section 216(b).

### Overtime Violations

21. While Plaintiff was employed by Defendants, he was an hourly employee who was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

22. While Plaintiff was employed by Defendants, he consistently worked more than 40 hours per workweek, but was not paid overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek as required by Section 207 of the FLSA.

23. Defendant's violations of Section 207 of the FLSA were willful.

24. Defendant's violations of Section 207 of the FLSA were not in good faith.

25. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiff for backpay in the form of overtime pay.

26. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b), and/or prejudgment interest.

27. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. Section 216(b).

### Retaliatory Discharge

28. While employed by Defendants, Plaintiff complained to Defendants that they were violating minimum wage and overtime pay practices.

29. Defendants terminated Plaintiff for complaining about the unlawful pay practices.

30. As a result of being terminated for complaining about Defendants' illegal pay practices, Plaintiff has and continues to suffer emotional distress.

31. As a result of being terminated for complaining about Defendants' illegal pay practices, Plaintiff has and continues to suffer lost income.

32. Defendants' termination of Plaintiff was in retaliation for complaining about Defendants' illegal pay practices in violation of Section 215(a) of the FLSA.

33. As a result of Defendants' retaliatory discharge of Plaintiff for complaining about Defendants' pay practices, Defendants are liable to Plaintiff for lost income.

34. In addition to the amount of lost income owing to Plaintiff for retaliatory discharge in violation of Section 215(a), Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b), and/or prejudgment interest.

35. As a result of Defendants' retaliatory discharge of Plaintiff for complaining about Defendants' illegal pay practices in violation of Section 215(a), Defendants are liable to Plaintiff for emotional distress in an amount to be determined by the jury.

36. As a result of Defendants' retaliatory discharge of Plaintiff for complaining about Defendants' illegal pay practices in violation of Section 215(a), Defendants are liable to Plaintiff for punitive damages.

37. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. Section 216(b).

38. Defendant Steve Crain is jointly and severally liable as an employer along with

Defendant Action Tent for all damages owing to Plaintiff.

39. Plaintiff is aware of other similarly situated employees and/or former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent pursuant to Section 216(b) of the FLSA. Specifically, Plaintiff is aware of other employees of Defendants who were employed as "tent workers" who had meal periods deducted from time worked even though they were not allowed to have an entire, uninterrupted meal period, who were not paid for all hours worked or not paid overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during each work week. All other employees who have worked for Defendants within the last three years and who have not been paid minimum wage for all hours worked and who have not been paid overtime wages for all hours worked over 40 during each work week are similarly situated to Plaintiff and should be given notice of this lawsuit and the opportunity to join.

40. All other similarly situated employees are also entitled to damages in the form of back pay, liquidated damages, and attorney's fees.

*Consent*

41. Pursuant to Section 216(b), attached hereto as Exhibit A and filed with this Complaint is Plaintiff's Consent to Become Party Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

1. That Plaintiff be awarded damages in the amount of his respective unpaid minimum wages, overtime compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. Section 215(b), and/or prejudgment interest;

2. That Plaintiff be awarded damages in the amount of his lost front pay for retaliatory

discharge, plus an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b), and/or prejudgment interest;

    3.    That Plaintiff be awarded damages for emotional distress for retaliatory discharge pursuant to 29 U.S.C. Section 215(b), and/or prejudgment interest;

    4.    That Plaintiff be awarded punitive damages for retaliatory discharge;

    5.    Reasonable attorney's fees;

    6.    That Plaintiff be allowed to give notice to all other potential Plaintiffs who may be similarly situated, or that the court issue such notice;

    7.    That other similarly situated former and present employees be given the opportunity to join this lawsuit as party Plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

    8.    The costs and expenses of this action, including discretionary costs; and

    9.    Such other, further general legal and equitable relief to which he may be entitled.

Plaintiff requests a trial by jury.

                            Respectfully submitted,

                            /s/Randall W. Burton
                            Randall W. Burton, #15393
                            Attorney at Law
                            144 Second Avenue, North, Suite 212
                            Nashville, TN 37201
                            (615) 620-5838