UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOBBY EMLER )
)
    Plaintiff, )
) No. 1:12-cv-0159
v. ) JUDGE HAYNES
)
ACTION TENTS, INC. and STEVE CAIN. )
)
    Defendants. )

## JOINT PROPOSED CASE MANAGEMENT ORDER No. 1

Come the parties, through counsel, and submit the Joint Proposed Case Management Order No. 1 in the above-styled manner.

**I. JURISDICTION AND VENUE**

Plaintiff alleges this Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331. Defendant denies this Court has subject matter jurisdiction.

**II. PARTIES' THEORIES OF THE CASE**

    **1. Plaintiff's Theory of the Case:**

Defendant Action Tent, Inc. is in the business of servicing events ranging from birthdays, cocktail parties, graduations, and weddings. Action Tent also advertises on the internet that they serve Central Tennessee, Southern Kentucky, and Northern Alabama. Defendant Steve Cain is President of Action Tent and has operational control over the company. Furthermore, Mr. Cain had direct supervisory authority over Plaintiff during Plaintiff's employment with Defendants and acted directly or indirectly in the interest of Action Tent to Plaintiff.

Plaintiff Bobby Emler was an hourly employee of Action Tent and was entitled to receive minimum wage for all hours worked in accordance with Section 206 of the Fair Labor Standards Act ("FLSA") and overtime pay at the rate of one and one-half times his regular rate of pay for all hours

worked over 40 in a workweek in accordance with Section 207 of the FLSA.. While Plaintiff was employed by Defendant, he consistently worked more than 40 hours per workweek. Plaintiff was not paid minimum wage for all hours worked in some workweeks. Plaintiff was also not paid overtime pay at the rate of one and one-half times his regular rate of pay for all hours worked over 40 in some workweeks.

Mr. Cain took unauthorized wage deductions out of Plaintiff's wages. Plaintiff complained about the unauthorized deduction and said he was going to go to the Department of Labor, and he took photographs of his time sheets to show the deductions and instances of Mr. Cain altering his time sheets. Defendants terminated Plaintiff in retaliation for threatening to go to the Department of Labor and for documenting the unauthorized deductions and altered time sheets. In the unemployment hearing held regarding Plaintiff's unemployment claim, Defendants admitted under oath that Plaintiff was terminated for complaining about Defendants' unlawful pay practices.

Plaintiff is entitled to back pay and liquidated damages pursuant to Section 216(b) of the FLSA for all unpaid minimum wage and overtime pay. Defendants' violations of the FLSA were willful, entitling Plaintiff to the benefit of a three-year statute of limitations. Plaintiff is also entitled to front pay and liquidated damages, compensatory damages for humiliation and embarrassment, and punitive damages, for Defendants' unlawful retaliatory discharge.

Plaintiff is also entitled to statutory attorney's fees and prejudgment interest pursuant to the FLSA, and the costs of this cause, including discretionary costs.

Plaintiff is aware of other similarly situated individuals who he worked with who worked more than 40 hours in some workweeks but did not receive the overtime rate of one and one-half times their regular rate of pay. Specifically, Plaintiff is aware of other employees who had time deducted from their hours worked for meal breaks but who were not allowed to have an entire, uninterrupted meal period.

2.  **Defendants' Theory of the Case:**

Plaintiff has sued Action Tents, Incorporated and Steve Cain under three theories: (1) Minimum Wage Violations; (2) Overtime Violations; and (3) Retaliatory Discharge. Defendants deny all of Plaintiff's claims.

In order to recover for the alleged violations of minimum wage and overtime, the employee must have been employed by an employer covered by the Fair Labor Standards Act. Neither Action Tents nor Steve Cain are covered employers. The minimum wage and overtime provisions apply to either "employees... engaged in commerce or the production of goods for commerce; or is employed in an enterprise engaged in commerce." 29 U.S.C. 206(a) and 207(a). Per the definitions, to be engaged in commerce a business must have annual gross volume sale of at least $500,000. However, the annual revenue of Action Tents is less than the $500,000 threshold which eliminates coverage on this basis. In regard to individual coverage, the Plaintiff has not engaged in interstate commerce to the extent necessary to establish such coverage. Plaintiff's work that involved any travel across state lines was so isolated and sporadic that it would not be covered by the statute. Looking at the totality of the circumstances, Steve Cain is not an employer as he did not exhibit the necessary control. Therefore, the Fair Labor Standards Act is inapplicable and Plaintiff's minimum wage and overtime violations claims should be dismissed.

Even assuming that Plaintiff could establish FLSA coverage, Defendants deny that he was denied minimum wage or overtime and would state the statute of limitations bars part or all of his claims. Plaintiff was allowed to take a meal break in accordance with Tennessee law. Further, there were no unauthorized deductions made from Plaintiff's pay. Any deductions made from his pay were made with his permission and at his direction. Plaintiff also rarely worked forty hours a week and thus no overtime is owed.

Defendants would assert that if there is no FLSA coverage there can be no FLSA retaliation

claim. In the alternative, Defendants would state that the Plaintiff did not engage in any protected activity. An employee's invocation of protection from retaliation requires that the manner of the engagement or opposition be reasonable. Plaintiff engaged in activity that violated workplace rules by attempting to duplicate company property. Therefore, his actions were unreasonable and unprotected. Thus, his retaliation claim should be dismissed.

Defendants deny that there are employees similarly situated to Plaintiff significant to establish a class or that any employees were denied overtime and meal breaks.

## III. SCHEDULE OF PRETRIAL PROCEEDINGS

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the local rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference on Monday, February 4, 2013, this action is set for trial on _May 6, 2014_, 20_14_, at 9:00 a.m. _in Columbus_ _status of settlement requested by May 2, 2014_ _at 2:00 pm_

A pretrial conference shall be held _April 21, 2014_, 20__, at _3:00_ p.m.

A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on Monday, September 30, 2013. All written discovery shall be submitted in sufficient time so that the response shall be in hand by Friday, October 18, 2013. All discovery related statements shall be filed by the close of business on Friday, November 1, 2013. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by the close of business on Friday, December 15, 2013, and any responses thereto shall be filed by the close of business on Friday, January 17, 2014. Any reply shall be filed by the close of business on Monday, February 3, 2014.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in the delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

March 1, 1994) shall govern.

By the close of business on Wednesday, July 31, 2013, the plaintiff shall disclose to the defendants (not file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on Fridday, August 30, 2013, the defendants shall declare to the plaintiff (not file with the Court) the identity of their expert witness and provide all information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on Monday, September 16, 2013. There shall not be any rebuttal expert witnesses.

The deadline for completion of expert discovery is December 15, 2013.

All motions related to expert discovery shall be filed by January 15, 2014.

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this 5th day of February, 2013.

_____
WILLIAM J. HAYNES, JR.
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:


s/Randall W. Burton
Randall W. Burton, #15393
144 Second Avenue North, Suite 212
Nashville, TN 37201
(615) 620-5838
randallwburton@gmail.com

*Attorney for Plaintiff*


**Rainey Kizer Reviere & Bell PLC**


s/Robert O. Binkley, Jr.
ROBERT O. BINKLEY, JR. BPR #11991
209 East Main Street
P. O. Box 1147
Jackson, TN 38302-1147 (731) 423-2414
rbinkley@raineykizer.com

V. LATOSHA DEXTER BPR #20851
50 North Front Street, Ste. 610
Memphis, TN 38103 (901) 333-8101
ldexter@raineykizer.com

*Attorneys for Defendant*